(17 Misc. Rep. 320)

### GADD v. UNITED STATES SAVINGS & LOAN BANK.

(City Court of New York, General Term.    June 30, 1896.)

APPEAL—REVIEW OF FACTS.
    A verdict rendered on conflicting evidence will not be disturbed on appeal.

Appeal from trial term.

Action by Luther G. Gadd against the United States Savings & Loan Bank.    From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.    Affirmed.

Argued before VAN WYCK, C. J., and CONLAN, J.

Walter G. Morse, for appellant.
J. Baldwin Hands, for respondent.

CONLAN, J.    This is an appeal from a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial on the minutes.    The action was brought by the assignee of various persons who were members of the defendant, a building and loan corporation, to recover the amount due to the plaintiff on the assigned shares of some 17 shareholders, who had paid in different amounts, which aggregate the sum of $338.56, as alleged in the complaint.    The defendant denies this indebtedness, and claimed to recover over against the plaintiff a sum of money alleged by it to be due for fines imposed upon the shares transferred pursuant to some provision of its constitution or by-laws, and for certain fees and dues.    On the trial, the defendant offered no evidence in support of its counterclaim, and we therefore have to deal only with the claim of the plaintiff upon this appeal.    The assignment to the plaintiff was of the 1st of June, 1893; and the defendant

was notified thereof, and in writing admitted the filing of the transfer of the shares in question, and the plaintiff's notice of withdrawal of the same, and expressed its willingness and intention to pay him the amount due thereon, claiming the right, however, to deduct, from such certain fees, fines and expenses.   It was conceded by the defendant that there was standing to the credit of the plaintiff's assignors the amount set forth in the complaint, with the exception of $26.14, which makes a balance to their credit of $335.06, and the interest thereon was adjusted on the trial at the sum of $53.83, making a total of $388.88.   It was claimed on behalf of the defendant that, by certain provisions of its by-laws, a credit existed in its favor; and evidence was adduced to show what these provisions were, and in what way they were claimed to affect the right of the plaintiff to recover.   Considerable testimony was offered from the defendant's minute book, for the purpose of showing that an amendment to the by-laws had been adopted and was in effect at the time of the transfer, whereby the amount due for admission to membership and for dues had been considerably increased; and its by-laws were invoked for the additional purpose of aggregating a larger amount of fines against the shares of the plaintiff's assignors.   Much of this evidence was excluded upon objection, as not being admissible for various reasons, principally on the ground that the statutes of this state had not been complied with in the attempt to cause amendments, and that the meetings were not in accordance with these statutes and the by-laws themselves; but the real question, as to whether there had been such an increase in fines and dues as contended for by the defendant, so as to entitle it to be allowed the credit therefor, and to have the same deducted from any amount that may be found due the plaintiff, was submitted to the jury under the very clear and able charge of the trial justice.   There was also submitted to the jury the question whether the required notice of transfer and withdrawal had been given by the plaintiff, and what, if any, was the transfer fee due the defendant for entering and transferring these shares under its by-laws, and they were specially instructed to deduct any such fine found to be due from the amount conceded to have been paid in, on account of these same shares; and the jury found on all of these questions in favor of the plaintiff.

We think the charge was eminently fair to the defendant, and we are unwilling to say that the defendant was prejudiced by any refusal to charge as requested, within the limitations as fixed by the trial justice. . The jury had before them all the questions that it was their province to determine on the trial, and the verdict rendered, in our opinion, is but the reasonable and logical result of the jury's deliberations, and we find nothing in the record warranting any interference with the verdict rendered.

Judgment should be affirmed, with costs.